UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

In the Matter of the Claims of                         Index No:
JOHN BENJAMIN SILVERSTEIN,
                        Claimant,

          - against -                        **VERIFIED**
                                                                **COMPLAINT**

MASSAPEQUA UNION FREE SCHOOL DISTRICT (the "District"),
NASSAU COUNTY BOARD OF COOPERATIVE
EDUCATION SERVICES ("BOCES"), and
CONTEMORARY COMPUTER SERVICE, INC ("CCSI")
                     Respondents.

-----------------------------------------------------------------------X

Plaintiff(s) by his attorney Jacob R. Fleitman, P.C., complaining of the defendant(s) respectfully alleges and sets forth as follows:

**PRELIMINARY STATEMENT**

1. This case is about Defendant District and the company with which it contracts and partners—such as Defendant CCSI and BOCES—willfully misclassifying their employees as "independent contractors,", wrongfully terminating said employee, and failing to pay him any overtime compensation for hours worked over forty in each work week and providing the proper benefits such as health insurance, 401k, and sick and vacation leave.. Plaintiff alleges that Defendants Massapequa Union Free School District, BOCES, and CCSI, negligently, wantonly, recklessly, intentionally and knowingly sought to and did wrongfully deprive Plaintiff of, inter alia: {1}

2. Accordingly, Plaintiffs, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et. seq. ("FLSA") for failure to pay overtime; and under the N.Y. Lab. Laws § 650, et. seq., and the supporting New York State Department of Labor Regulations, N.Y. Comp.

Codes R. & Regs. tit. 12, Pt. 142, for failure to pay overtime.

3. Defendants have willfully engaged in a pattern, policy, and practice of unlawful conduct for the actions alleged in this Complaint, in violation of the federal and state rights of the Plaintiff.

4. As result of the above referenced conduct by the District, BOCES and CCSI Mr. Silverstein's additional claims include: violations of the Fair Labor Standards Act, Equal Employment Opportunity Commission's age discrimination, violations of Equality Act's disability discrimination, wrongful termination, negligence, emotional distress, loss of wages, loss of benefits, negligent misrepresentation, breach of contract, unjust enrichment, unclean hands, fraud, violation of Civil Service Code, violation of New York Education Law, conversion, breech of implied promise, breech of oral agreement, and violations of NY and Federal tax laws.

**PARTIES**

**PLAINTIFF**

5. JOHN BENJAMIN SILVERSTEIN ("Mr. Silverstein") is an adult who is a resident of New York.

6. Mr. Silverstein was hired as a Network Systems Engineer. He was appointed to his position by the deputy superintendent Sulc and informed he would be an employee of the District.

DEFENDANTS

7. Defendant Massapequa Union Free High School –was and still is a municipal corporation that does business in New York and in this District.

8. Defendant Nassau BOCES - is a municipal corporation that does business in New York and in the District.

9. Defendant CCSI is a domestic Corporation that does business in New York and in this District.

10. **JURISDICTION AND VENUE**

11. That prior hereto on March 28, 2016 and within the time prescribed by law, a sworn

Notice of Claim stating, among other things, the time when and place where the injuries and damages were sustained, together with Plaintiff's demands for adjustment thereof was duly served on the Claimants behalf on the District and that thereafter said Defendant refused or neglected for more than thirty (30) days and up to the commencement of this action to make any adjustment or payment thereof, and that thereafter, and within the time provided by law, this action was commenced.

12. That pursuant to General Municipal Law Section 50(h), on May 19, 2016 a hearing was held by the Defendant DISTRICT and BOCES.

13. That this action is being commenced within one year and ninety days after accrual of this cause of action, or within the time allowed by law.

14. Upon Information and belief Mr. Silverstein was terminated in violation the Nassau County Civil Service Code, as well as, state and federal laws.

15. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

16. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question, 29 U.S.C. § 216(b).

17. Venue in the Southern District of New York is proper pursuant to 28 U.S.C. § 1391 because Defendant Massapequa resides in this District and Defendant Assurance Wireless is subject to personal jurisdiction in this District.

18. Venue in the Eastern District of New York is also proper because a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of New York.

19. Mr. Silverstein was hired by Deputy Superintendent Sulc in 2001.

20. Mr. Silverstein worked solely for the District for fourteen (14) consecutive years. His direct bosses were Michael Pavlides and Robert Schilling (both are employees of the District). Both were responsible for supervising and delegating work to Mr. Silverstein, as well as managing his day to day work activity.

21. Mr. Silverstein worked over forty (40) hour work weeks since he was hired by the District, but never received overtime compensation from the District.

22. Mr. Silverstein learned after he was fired that he was never added to or received any of the District's employee benefits including by not limited to: pension, healthcare, sick and vacation time, and 401k, ect.

23. After being directly paid by the District for the first five (5) years of his employment his boss Michael Pavlides ("Pavlides") informed Mr. Silverstein that he must create an LLC and he would now receive his pay from BOCES. Pavlides explained the cause of this change was because of the District's auditors recommendations, and if he wished to continue to be treated as an employee he must comply.

24. Upon information and belief BOCES conspired with, and aided and abided the District to conceal Mr. Silverstein's employment status.

25. Upon information and belief CCSI conspired with and aided and abided the District and BOCES to conceal Mr. Silverstein's employment status.

26. Mr. Silverstein only begrudgingly complied, because he was afraid that Pavlides would fire him if he did not abide by his order. Mr. Silverstein did not receive any of the proper

documents or notifications required by the Civil Service laws regarding the transfer of a position from one State agency to another.

27. Mr. Silverstein never had any contact with anyone from BOCES or CCSI, and Mr. Silverstein was led to believe by Pavlides that he was and continued to be an employee of the District. Additionally, Pavlides assured him the only reason that the move by the District to have him paid by BOCES was made was so that the District could be reimbursed for his position by state funds.

28. Mr. Silverstein never enter into a written contract with CCSI or BOCES for his alleged independent contracting services.

29. The District, BOCES and CCSI did not properly withhold taxes from Mr. Silverstein's pay.

30. On or about 2007 Schilling became Mr. Silverstein's Boss/Supervisor.

31. Schilling and Mr. Silverstein did not see eye to eye, as Schilling seemed to favor younger workers and insinuated the same on numerous occasions, as well as, assigning only low level projects (which was not previously a normal part of Mr. Silverstein's job duties) to Mr. Silverstein.

32. Beginning in 2014 and prior to actually being fired; Mr. Silverstein had notified Schilling that he had cancer. In that meeting Schilling told Mr. Silverstein that he could only keep his job if he took a forty thousand ($40,000.00) dollar pay cut. Then again in 2015

Schilling informed Mr. Silverstein that they were reducing his salary by an addition ten thousand ($10,000.00) dollars.

33. In January of 2016 Schilling met with Mr. Silverstein again, and personally notified Mr. Silverstein that he was fired.

34. At no point over Mr. Silverstein's fourteen (14) year career at the District did he ever receive a formal negative performance review, nor was Mr. Silverstein ever warned that his job was in jeopardy. Without any warning, or any performance reviews whatsoever, the District was again violating the Nassau County Civil Service Law, as well as, state and federal labor laws.

35. Mr. Silverstein was wrongfully terminated by the District on January 8, 2016 in the administration building of the School district by Schilling without a hearing, appeal or compliance with New York State and Federal law.

### AS FOR A FIRST CAUSE OF ACTION

36. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs of the complaint herein designated 1 through 36 inclusive with the same force and effect as if specifically set forth at length.

37. Upon information and belief, The District, BOCES, and CCSI intentionally and in violation of its own rules, as well as, the state and federal law, misclassified Mr. Silverstein as a "1099" independent contractor (a "1099") to avoid the proper tax withholdings, thereby, defrauding the State and federal tax agencies, as well as, the Claimant.

38. Upon information and belief, The District, BOCES, CCSI also intentionally misclassified Mr. Silverstein to defraud New York State unemployment, and workers compensation and to deny Mr. Silverstein proper coverage of same.

39. Upon information and belief, the District, BOCES and CCSI intentionally misclassified Mr. Silverstein as a "1099" to defraud Mr. Silverstein.

40. This claim arises from Defendants' willful violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 and the New York Labor Law, § 650, et seq. and the applicable regulations, 12 N.Y.C.R.R. Part 142, for failure to pay overtime Compensation to Plaintiff.

41. Mr. Silverstein had consistently worked over forty (40) hour work weeks, but has not received any overtime pay during his time as an employee of the District. The District knowingly violated the Fair Labor Standards Act, because Mr. Silverstein's position is a non-exempt position. In addition, Mr. Silverstein was required by the District to fill out time sheets prepared by the District every day (which included daily start and finishing times), so the District was knowingly withheld proper overtime payments from Mr. Silverstein.

42. The overtime provisions of the NYLL apply to Defendants and protect Plaintiff

43. Defendants, pursuant to their policies and practices, refused and failed to pay overtime compensation to Plaintiffs

44. The forgoing conduct, as alleged, constitutes a willful violation of the NYLL without a good faith or reasonable basis.

45. Plaintiff seeks damages in the amount of their respective unpaid wages, liquidated damages, interest, treble damages, and such other legal and equitable relief as the Court deems proper.

46. Plaintiff seeks to recovery of attorney's fees and costs to be paid by Defendants as provided by the NYLL.

**AS FOR A SECOND CAUSE OF ACTION**

47. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs of the complaint herein designated 1 through 47 inclusive with the same force and effect as if specifically set forth at length.

48. Upon Information and belief, Mr. Silverstein was discriminated against by his direct superior's because of his disability and age in violation of the Equality Act and the Equal Employment Opportunity Commission.

49. Mr. Silverstein had a meeting with his boss and direct supervisor Robert Schilling ("Schilling") on or about June of 2014. In the meeting Mr. Silverstein informed Schilling that he had cancer and needed his health insurance. Mr. Schilling in then forced Mr. Silverstein to take a $40,000 dollar pay cut or lose his job. Schilling had a similar conversation with Mr. Silverstein again in July of 2015, and reduced his salary again by $10,000 dollars. Finally, in January of 2016 rather than Schilling reducing Mr. Silverstein's salary again, Schilling wrongfully terminated Mr. Silverstein because of his age and cancers issues in violation of state and federal law.

50. Further, Schilling immediately filled Mr. Silverstein's position with an employee half his age.

51. Schilling has adopted a course of conduct which has created a threatening, harassing, offensive, intimidating, and hostile work environment for Claimant, making daily work difficult, and Schilling's actions (and salary reductions) towards Mr. Silverstein is a subterfuge for the purpose of evading the provisions of the State Constitution and the provisions of the Civil Service Law, which are intended to assure that appointments and promotions in the Civil Service of the State and local governments be made in accordance with merit and fitness, ascertained whenever practicable by the competitive examination, and to give those appointed to positions in Civil Service a right of tenure of office which may not be destroyed to make room for personal favorites.

52. Plaintiff seeks damages for lost wages, punitive damages, Compensatory damages in an amount appropriate to fairly compensate Plaintiff.

## AS FOR A THIRD CAUSE OF ACTION

53. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs of the complaint herein designated 1 through 53 inclusive with the same force and effect as if specifically set forth at length.

54. Upon Information and belief, for the last fourteen (14) years Mr. Silverstein has not received the proper benefits of a District employee, including but not limited to: pension, health care, vacation and sick leave, 401k, and other benefits provided to all employees of the District.

## AS FOR A FOURTH CAUSE OF ACTION

55. As a result of this same conduct, the District and BOCES and CCSI breached its fiduciary duty to comply with its own policies and laws.

56. As a result the District and BOCES and CCSI deceptions and misclassifications amount to unlawful interference of Mr. Silverstein's employee benefits.

57. Mr. Silverstein was never provided any documents in violation of State and Federal Education laws, and Civil Service laws.

**AS FOR A FIFTH CAUSE OF ACTION**

58. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs of the complaint herein designated 1 through 58 inclusive with the same force and effect as if specifically set forth at length.

59. As a result of this same conduct, the District and BOCES, and CCSI intentionally or negligently inflicted emotional distress on Plaintiff.

60. Plaintiff seeks compensatory damages in an amount appropriate to fairly compensate Plaintiff for anxiety, humiliation, mental and emotional distress, anguish, and damage to reputation, as well as physical harm sustained to him.

**AS FOR A SIXTH CAUSE OF ACTION**

61. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs of the complaint herein designated 1 through 61 inclusive with the same force and effect as if specifically set forth at length.

62. Mr. Silverstein was an employee of the District and was wrongfully terminated from his position.

63. As a result of this same conduct, the District violated state and federal employment law.

64. As a result for this same conduct, the District violated state and federal tax law.

65. Plaintiff Seeks lost wages, Punitive damages against the District by reason of their malicious conduct and intentional deprivation of Claimant's constitutional and statutory rights in an amount appropriate to deter such action in the future; and

### AS FOR A SEVENTH CAUSE OF ACTION

66. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs of the complaint herein designated 1 through 66 inclusive with the same force and effect as if specifically set forth at length.

67. This covenant is breached when a party to a contract acts in a manner that, although not expressly forbidden by any contractual provision, would deprive the other party of the right to receive the benefits under their agreement.

68. Defendants failure to classify Plaintiff properly caused Plaintiff not to receive all benefits and protections that were supposed to be provided to him by operation of law.

### AS FOR A EIGTH CAUSE OF ACTION

69. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs of the complaint herein designated 1 through 69 inclusive with the same force and effect as if specifically set forth at length.

70. Defendants refused to pay earned overtime wages to Mr. Silverstein as well as earned benefits including sick and vacation time, thereby converting the property owned by Plaintiff.

### PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests a judgement against Defendants and each of them, jointly and severally, as follows:

1. For lost wages, back pay, lost benefits, overtime, liquidated damages, treble damages

2. Compensatory and Punitive damages in an amount of $10,000,000.00

3. For reasonable attorney's fees, and

4. For reasonable costs and such other and further relief as the Court deems just and proper.

Dated: March 8, 2017

_____
Attorney(s) for Plaintiff(s)
The Law Office of Jacob R. Fleitman, P.C.
By: Jacob Fleitman
2061 Deer Park Avenue
Deer Park, New York 11729
T- (631) 242-7800